## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

—————————————————————————

DAVID STANLEY,                   )         CIVIL ACTION NO.

                       Plaintiff,    )         COMPLAINT OF DAMAGES

          vs.                   )

CUNY, JOHN JAY COLLEGE,      )

                   Defendant.   )

—————————————————————————

Plaintiff, DAVID STANLEY, by and through his attorney, Courtney K. Davy, of the Law Office of Courtney K. Davy, as and for his Complaint against Defendants, respectfully sets forth the following:

1.     This action is brought pursuant to 42 U.S.C. § 1981, et seq. ("§ 1981"), the New York State Human Rights Law, Executive Law § 290, et seq. ("New York State Human Rights Law"), and the Administrative Code of the City of New York Section 8-101, et seq. ("New York City Human Rights Law"); Title VII of the Civil Rights Act of 1964, ("Title VII") as amended [retaliation for opposition to protected activities under the Act and under ADEA], codified as 42 USC §2000-e et seq. and 42 U.S.C. § 12101 et seq ("ADA).

## JURISDICTION AND VENUE

2.     Plaintiff filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission, complaining of the unlawful discriminatory acts alleged herein, and obtained from the agency a Notice of Right to Sue, dated February 26, 2018 and received by Plaintiff on March 1, 2018, less than 90 days from the filing of this Complaint.

3.     The jurisdiction of this court is invoked based upon federal question and pursuant to 28 U.S.C § 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3

3.      The Court's supplemental and pendent jurisdiction is invoked via Plaintiff's claims arising under the laws of the State of New York and City of New York, pursuant to 28 U.S.C. Section 1367(a) because the claims are so related to Plaintiff's federal claims they form part of the same case or controversy.

4.      Venue is proper in United States District Court, Southern District of New York because the unlawful employment practices were committed by Defendants in the Southern District of New York.

6.      Plaintiff received the Right to Sue Letter on March 1, 2018 and filed the instant complaint within 90 days of receipt of said Notice of Right to Sue letter from the United States Equal Employment Opportunity Commission ("EEOC"). EEOC Charge No. 16G-2017-03214.

## PARTIES

7.      At all times mentioned herein, Plaintiff is a resident of New York.

8.      At all times mentioned herein, CUNY-John Jay College is a college within the City University of New York, a public college licensed by the New York State Board of Regents.

9.      At all times mentioned herein, John Jay College is an employer within the meaning of 42 U.S.C. § 2000e, with more than five hundred employees.

10.     Plaintiff has received a "Right to Sue" letter from the Equal Employment Opportunity Commission.

## FACTUAL ALLEGATIONS

11.     Plaintiff has been employed with CUNY John Jay College as a maintenance supervisor since December 15, 2008. Sometime in 2011, Plaintiff was diagnosed with Kidney failure and

placed on dialysis. Due to Plaintiff's Kidney Failure, he applied for Family Medical Leave Act (FMLA).

12.    Plaintiff's health required numerous dialysis and other treatments until receiving a kidney transplant.

13.    These various treatments and kidney transplant resulted in a significant amount of time away from work, which resulted in Plaintiff receiving disparate treatment as a result of his condition and the accommodations that were made as a result of said disabilities.

14.    As a maintenance supervisor, Plaintiff was part of the hiring process for new staff in his department. However, due to his disabilities, his job title was changed and responsibilities, such as being involved in the hiring process were taken away from him. Plaintiff has been kept out of decisions that he would normally be included.

15.    In additionally, to changing his job responsibilities, Plaintiff has been unjustly written up in an effort to terminate his employment for my time away from work despite his absence being in connection with his authorized FMLA leave.

16.    Plaintiff was removed from the suite wherein other similar ranked employees all had offices and moved into the college's basement area in the storage area. Plaintiff was relocated to a makeshift office within the storage cage consisting of no walls or privacy due to his disability. Notwithstanding having a compromised immune system, resulting from his disability, Plaintiff was the only supervisor to be relocated out of his office and place in an environment for the continued purpose of discriminating against the Plaintiff and causing him humiliation.

17.    Plaintiff has made complaints to his Human Resources Department against his supervisors, Neil Stewart, Anne Goon and Susan Jeffrey and Anthony Bracco, however no action has been

taken to address the discriminatory action by Plaintiff supervisors resulting in the plaintiff suffering damages.

18.    As part of Plaintiff's employment, Plaintiff was placed on Standby overtime in sometime in 2012, for which Plaintiff received compensation. Standby overtime requires that the plaintiff, while off from work be available to address work-related issues. After filing charges against the Defendants, plaintiff was kept on standby overtime, but was denied is usual wages in connection therewith and in retaliation for plaintiff's complaint in furtherance of his rights under title 5 of the ADA.

19.    Plaintiff has made the defendant aware of this issue, however nothing has been done by the defendant(s) to remedy this unlawful discrimination.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER ADA

17.    Plaintiff re-alleges the allegations of paragraph 1-16 and incorporates them by reference herein.

18.    Plaintiff has a disability that is covered by the ADA.

19.    Defendant knew of Plaintiff's disability.

20.    Defendant discriminated against Plaintiff on the basis of his disability, in violation of the ADA, by failing to offer Plaintiff a reasonable accommodation for his disability and by reprimanding him because of his disability.

21.    Plaintiff has lost wages, promotional opportunities, and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendant's unlawful conduct.

**AS FOR THE SECOND CAUSE OF ACTION TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, ("TITLE VII") AS AMENDED [RETALIATION FOR OPPOSITION TO**

## PROTECTED ACTIVITIES UNDER THE ACT AND UNDER ADEA— UNLAWFUL RETALIATION

22.     Plaintiff re-alleges the allegations of paragraph 1-21 and incorporates them by reference herein.

23.     By the acts and practices described above, Defendants have retaliated against Plaintiff for having complained about discrimination on the basis of his disabilities in violation of ADA.

24.     Defendants knew their actions constituted unlawful retaliation on the basis of Plaintiff's claims against them under the ADA and/or showed reckless disregard for Plaintiff's statutorily protected rights.

25.     As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from his employment resulting in loss wages mental and emotional anguish as a result of the Defendants' actions.

26.     Because of the foregoing, Plaintiff has been damaged.

## AS FOR THE THIRD CAUSE OF ACTION — HOSTILE WORK ENVIRONMENT

27.     Plaintiff re-alleges the allegations of paragraph 1-26 and incorporates them by reference herein.

28.     By the acts and practices described above, Defendants have created and subjected Plaintiff to a hostile work environment because of his race, in violation of the ADA.

29.     Defendants knew their actions created a hostile work environment on the basis of race and/or showed reckless disregard for Plaintiff's statutorily protected rights.

30.     As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from his employment with the

Defendants, as well as embarrassment, humiliation, and mental and emotional distress as a consequence of the Defendant's actions.

### AS FOR THE FOURTH CAUSE OF ACTION NEWYORK CITY HUMAN RIGHTS LAW COUNT ONE — UNLAWFUL RETALIATION

31.     Plaintiff re-alleges the allegations of paragraph 1-30 and incorporates them by reference herein.

32. In violation of the NYCHRL, Defendant unlawfully retaliated against Plaintiff by after his requested a reasonable accommodation.

33.     In taking the above-described discriminatory actions, Defendant acted with malice and reckless indifference to Plaintiff's rights under anti-retaliation provision of the NYCHRL.

34.     Plaintiff has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries because of Defendant's unlawful conduct.

### AS FOR THE FIFTH CAUSE OF ACTION NEWYORK CITY HUMAN RIGHTS LAW COUNT ONE — UNLAWFUL DISCRIMINATION

35.     Plaintiff re-alleges the allegations of paragraph 1-34 and incorporates them by reference herein.

36.     Plaintiff suffered from a disability that is covered by the New York City Human Rights Law.

37.     Defendant knew of Plaintiff's disability.

38.     Defendant discriminated against Plaintiff on the basis of his disability, in violation of the New York City Human Rights Law.

39.     Plaintiff has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries because of Defendant's unlawful conduct.

**WHEREFORE,** the plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.      That he be compensated for violation of his constitutional and statutory rights, as well as pain, suffering, mental anguish, and humiliation; and

b.      That he be awarded punitive damages against the defendants; and

c.      That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.       For such other further and different relief as to the Court may seem just and proper.

Dated: May 29, 2018
New York, New York

Respectfully Submitted,

_s//_____

Courtney K. Davy, Esq.
305 Broadway, Suite 1400
New York, NY 10007