USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 3 0 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

David Stanley,

        Plaintiff,

—v—

CUNY, John Jay College,

        Defendant.

18-CV-4844 (AJN)

MEMORANDUM
AND ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff David Stanley brings this action against his employer, City University of New York ("CUNY"),[1] alleging that the university discriminated against him on the basis of disability and then retaliated against him when he complained. Stanley asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, and the New York State Human Rights Law ("NYSHRL), N.Y. Exec. Law § 290 *et seq.* Before the Court is Defendant's motion to dismiss the Complaint in its entirety for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 26. For the reasons articulated below, Defendant's motion is GRANTED.

I.    **BACKGROUND**

    The following facts are drawn from the Amended Complaint and assumed to be true for purposes of this motion to dismiss. In 2009, David Stanley, a maintenance and labor supervisor

---

[1] Plaintiff also lists John Jay College as a defendant. Since a senior college of CUNY is not "a legally cognizable entity apart from" the university as a whole, John Jay College is not a properly named defendant. *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004).

1

at CUNY's John Jay College, was diagnosed with kidney failure and placed on dialysis. Amended Complaint ("AC"), Dkt. No. 24, ¶ 11. From that time until a kidney transplant in 2014, Stanley missed significant amounts of time at work, in order to receive dialysis treatment. *Id.* ¶ 12. He was granted leave under the Family Medical Leave Act. *Id.* ¶ 13. Stanley alleges that because of his absences, his desk was moved to a makeshift office in John Jay College's basement. *Id.* ¶¶ 14-16. He further alleges that in 2017, construction right above his new office rendered it unsafe, but that no action was taken on the part of his employer. *Id.* ¶¶ 19-21. Additionally, Stanley claims that he was taken out of the hiring process for new employees, written up for absences that were authorized by FMLA, and given poor evaluations. *Id.* ¶ 22. After he filed a complaint with the New York State Division of Human Rights in July 2017, Stanley alleges that CUNY stopped compensating him for standby overtime. *Id.* ¶ 23.

Stanley received a right to sue letter from the EEOC on March 1, 2018. *Id.* ¶ 2. He initiated this action on May 31, 2018. Dkt. No. 1.

## II. LEGAL STANDARD

A motion brought under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction to hear the case. *See* Fed. R. Civ. P. 12(b)(1). Pursuant to Rule 12(b)(1), dismissal for lack of subject matter jurisdiction is appropriate if the Court determines that it lacks the constitutional or statutory power to adjudicate the case. *See id.*; *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(1) motion to dismiss "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations and internal quotation marks omitted). In resolving a

motion to dismiss for lack of subject matter jurisdiction, the Court "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint but must assert "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court must accept the allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor. *ATSI Communs, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

## III. DISCUSSION

### A. The ADA and NYSHRL Claims Are Barred by Sovereign Immunity

The Amended Complaint asserts a claim for discrimination under Title III of the ADA, for retaliation and hostile work environment under unspecified provisions of the ADA, and for retaliation under the NYSHRL. In his opposition to Plaintiff's motion to dismiss, Plaintiff asks the Court to allow him to amend his complaint, so that he can substitute a Title II ADA claim for his Title III claim. *See* Dkt. No. 31, at 4. However, even if the Court allowed the amendment, it would be futile, because ADA claims for employment discrimination can be brought only under Title I of that act. *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 171 (2d Cir. 2013). In the spirit of generously construing pleadings, the Court assumes that Plaintiff's other ADA claims are brought under Title I. Even so, those claims, as well as Plaintiff's NYSHRL claim must be dismissed, because they are barred by sovereign immunity.

3

Under the doctrine of sovereign immunity, a state may not be sued in federal court by a private citizen "unless the State has waived its immunity . . . or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (citation omitted). Sovereign immunity extends to suits against CUNY, since CUNY is an "arm of the state." *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 83 (2d Cir. 2004). Title I of the ADA does not validly abrogate states' sovereign immunity. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001). And there is no suggestion, nor has plaintiff adduced any evidence, that New York has waived its sovereign immunity for suits under the ADA or NYSHRL. *See Báez v. New York*, 629 Fed. Appx. 116, 118 (2d Cir. 2015); *Darcy v. Lippman*, 356 Fed. Appx. 434, 436 (2d Cir. 2009); *Quadir v. New York State DOL*, 39 F. Supp. 3d 528, 537-38 (S.D.N.Y. 2014).

Plaintiff invokes the *Ex parte Young* exception to sovereign immunity, in an attempt save his ADA claims for injunctive relief. *See Ex parte Young*, 209 U.S. 123 (1908). This argument fails because that doctrine, by its own terms, extends only to actions against state officials, and Stanley has not sued any. *Id.* at 157. Nor has Stanley sought leave to add any such defendants, even though the sovereign immunity argument was raised by CUNY in its motion to dismiss. Accordingly, Stanley's ADA and NYSHRL claims are dismissed.

### B. Rehabilitation Claims Are Abandoned

Defendant also moves to dismiss the remaining Rehabilitation Act cause of action for failure to state a claim. However, Plaintiff's opposition to the motion fails to address any of Defendant's arguments. The Court therefore treats the Rehabilitation Claim as abandoned and dismisses it. *See Felix v. City of New York*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018).

### C. The Dismissals Are With Prejudice

4

Stanley has not made any additional requests for amendment besides the one discussed above, and any further attempts would constitute a third round of amendments. Therefore, the dismissal of his claims is with prejudice. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("While leave to amend under the Federal Rules of Civil Procedure is 'freely granted,' *see* Fed. R. Civ. P. 15(a), no court can be said to have erred in failing to grant a request that was not made."); *see also* Individual Rule 3.F ("Non-moving parties are on notice that declining to amend their pleadings to timely respond to a fully briefed argument in the motion to dismiss may well constitute a waiver of their right to use the amendment process to cure any defects that have been made apparent by the briefing.").

## IV. CONCLUSION

For the reasons articulated above, Defendant's motion to dismiss is GRANTED. All claims are dismissed with prejudice. The Clerk of Court is respectfully directed to close this case.

This resolves Dkt. Nos. 11 and 26.

SO ORDERED.

Dated: September 30, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge

5