```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2020

David Stanley,

                Plaintiff,

       –v–

CUNY, John Jay College,

                Defendant.

18-cv-4844 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

Plaintiff David Stanley brought this action against his employer, City University of New York ("CUNY"),[1] alleging that John Jay College discriminated against him on the basis of disability and then retaliated against him when he complained. Defendant moved to dismiss and the Court granted the motion, dismissing Plaintiff's claims with prejudice. Plaintiff claims that his former counsel, Courtney Davy, disclosed midway through his representation of Plaintiff that he had began to work at John Jay College, which was the subject of the lawsuit. Under New York Rule of Professional Conduct 1.7(a)(2), a conflict of interest occurs when "there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests." Employment, even of a nonlegal variety, by a party opposed to a current client in pending litigation would clearly fall within the ambit of this rule. Plaintiff further claims that Mr. Davy failed to properly inform him that this was a conflict of interest and that he never waived the conflict. *See* Dkt. No. 40. Although Mr. Davy disputes some of this, he concedes that Plaintiff

---

[1] Plaintiff also lists John Jay College as a defendant. Since a senior college of CUNY is not "a legally cognizable entity apart from" the university as a whole, John Jay College is not a properly named defendant. *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004).

never waived the conflict in writing as required by the New York Rules of Professional Conduct. *See* Dkt. No. 45.  Plaintiff claims that this conflict of interest caused severe prejudice to his case and has moved for relief pursuant Federal Rule of Civil Procedure 60(b)(3), (b)(6), and (d)(3).  For the following reasons, the Court GRANTS the motion under Rule 60(b)(6).

Plaintiff makes a number or arguments in his motion, including that both Defendant and Mr. Davy committed "fraud on the court."  But there is no evidence that Defendant or defense counsel engaged in any ethical violations in this case, and while Mr. Davy did not adhere to the New York Rules of Professional Conduct, his conduct does not seem to be properly characterized as "fraud on the court."

However, Plaintiff's argument with respect to Rule 60(b)(6) has merit.  While other provisions of Rule 60(b) enumerate specific situations where a Court may grant relief from a judgment, Rule 60(b)(6) enables a Court to do so for "any other reason that justifies relief."  Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice," albeit one that should be used sparingly.  *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted).  Given that the "Rule does not particularize the factors that justify relief," courts have refrained from applying a rigid test when deciding Rule 60(b)(6) motions.  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988).  The Second Circuit has explained that "a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship."  *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (internal quotation marks and citation omitted).  The bar for extraordinary circumstances is high: A Rule 60(b)(6) motion premised on inadequate representation must demonstrate more than "gross negligence."  *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986).

The Supreme Court has previously vacated a judgment under Rule 60(b)(6) applying the "extraordinary circumstances" standard when the proceedings was marred by a severe ethical conflict. *See Liljeberg*, 486 U.S. at 863–70. While the ethical issue in *Liljeberg* involved a conflict on the part of a judge, its rationale with respect to Rule 60(b)(6) applies to attorney conflicts of interests, since attorneys are of course also officers of the court. The Second Circuit has likewise considered the possibility that a severe and prejudicial attorney conflict of interest might be enough to create "extraordinary circumstances" and warrant relief from a judgment under Rule 60(b)(6). *See Moskowitz v. Coscette*, 51 F. App'x 37, 38 (2002). And even in cases that do not involve ethical conflicts, the Second Circuit has recognized that Rule 60(b)(6) relief could be granted due to "alleged attorney failure or misconduct" in the rare civil case where the "lawyer's failures [were] so egregious and profound that they amount[ed] to the abandonment of the client's case altogether, either through physical disappearance . . . or constructive disappearance." *Harris*, 367 F.3d at 81.

Here, there can be little dispute that Mr. Davy was under a serious conflict of interest. Defendant tries to shift some of the blame from Mr. Davy to Plaintiff, noting that Plaintiff had actual notice of Mr. Davy's relationship with John Jay College for over a year, but that he only brought it to the Court's attention until shortly after his case was dismissed. But it is undisputed that Plaintiff never properly waived the conflict under the New York Rules of Professional Responsibility. Those rules exist for a reason. It is a bedrock principal of legal ethics that it is the attorney's responsibility to ensure compliance, not the client's.

However, the mere existence of a conflict may not be enough to create extraordinary circumstances. The Court must also assess the prejudice to Plaintiff. *Cf. Moskowitz*, 51 F. App'x at 38–39. It is difficult to know for certain whether the conflict affected Mr. Davy's

actions, but there were substantial errors in his opposition to the motion to dismiss. Mr. Davy repeatedly was unable to identify the provision of the ADA under which employment discrimination claims were brought. He neglected to sue any state officers, which could have enabled an injunctive ADA claim. And even though Plaintiff's Rehabilitation Act cause of action was the only claim not barred by sovereign immunity, Mr. Davy failed to respond to any of the arguments made regarding it by Defendant in its motion to dismiss, causing the Court to dismiss the claim as abandoned. Defendant argues that the Rehabilitation Act claim was meritless as alleged, but even if this correct Mr. Davy's conflict could have affected his drafting of the Amended Complaint. What happened here was thus more than "gross negligence." *Nemaizer*, 793 F.2d at 63. Mr. Davy's conduct in this case, and particularly his failure to defend whatsoever the only potentially meritorious damages claim in the case, at least comes close to "abandonment of the client's case" and "constructive disappearance." *Harris*, 367 F.3d at 81. And his actions are difficult to explain without considering the clear conflict of interest to which he was subject.

      While Mr. Davy's conflict of interest and the poor quality of representation might not each on their own justify granting a Rule 60 motion, in combination they are sufficient to constitute exceptional circumstances warranting relief from judgment. *See Church & Dwight Co. v. Kaloti Enters. of Mich., L.L.C.*, No. 07-cv-612, 2011 WL 4529605, at *7–8 (E.D.N.Y. Sept. 28, 2011) (granting Rule 60(b)(6) motion due to combination of constructive abandonment and a conflict of interest). Although the court recognizes that vacating the judgment will prejudice Defendant, that harm is outweighed by the prejudice that would occur should Plaintiff be deprived a fair shot at pursing his claims.

For the reasons articulated above, Defendant's motion pursuant to Rule 60 is GRANTED. Plaintiff must file a second amended complaint no later than 90 days from the date of this order. The Clerk of Court is respectfully directed to vacate the judgment, re-open this case, and mail a copy of this order to Mr. Stanley.

This resolves Dkt. No. 40.

SO ORDERED.

Dated: November 19, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge