**LAW OFFICES OF IAN WALLACE, PLLC**
501 FIFTH AVENUE · 19TH FLOOR
NEW YORK, NEW YORK 10017

TEL: (212) 661-5306                                                                                    FAX: (646) 349-5308

March 1, 2023

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Judge
United States District Court
  for the Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re:     *Stanley v. CUNY, et al.*
<u>Civil Action No.: 18-CV-4844 (PAE)</u>

Hon. Judge Engelmayer:

I represent the Plaintiff David Stanley and write to seek leave to file a third amended complaint adding a claim for retaliatory discharge pursuant to the Rehabilitation Act, the ADA, the FMLA, and the City Human Rights Law.

By letter, dated February 8, 2023, Defendants informed Plaintiff that "[i]n accordance with New York State civil service law, section 65 (3), and CUNY's establishment of a civil service list for the classified staff title of Supervisor, I am writing to inform you that your provisional appointment as a Supervisor at John Jay College of Criminal Justice/CUNY will be terminated, effective close of business, **March 9, 2023**." (emphasis added).

Pending before this court is Defendants' motion to dismiss **[DN 107],** which in large part, asserts that Plaintiff has not suffered an adverse action upon which he could ground his disparate treatment claims pursuant to the Rehabilitation Act, the ADA, the FMLA, and the City Human Rights Law.

Clearly, in dismissing Mr. Stanley, which we will assert is retaliatory and further discrimination, the pending motion to dismiss is implicated. There is compelling evidence that Defendants' stated reasons for terminating Plaintiff's employment – that he refused to perform work that was assigned to him and refused to take certain training – was pretext for the real retaliatory reasons.

Plaintiff previously sought leave to file a third amended complaint but this was denied by this court by order, dated July 22, 2022, as Plaintiff had not "not demonstrated "good cause" to file a TAC, because "he has not acted diligently in moving so tardily" *citing Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.,* 304 F.R.D. 170, 174-75 (S.D.N.Y. 2014) ("A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline.") (citation omitted); *Parker v. Columbia Pictures Indus.,* 204 F.3d 326,340 (2d Cir. 2000)." **[DN 128].**

1

On this occasion, Plaintiff has moved promptly to advise the court of the need to file a third amended complaint based on this discharge, which will not be effective until March 9, 2023.

Via email, dated February 28, 2023, Defendants counsel has communicated that "Defendants do not consent to any amendment of the complaint."

Respectfully submitted,

Ian Wallace